SETH UMFLEET

*v.*

JACKSON KELLY *et al.*

1. TRANSCRIPT *from a justice, to authorize an execution thereon from a circuit court.* A justice of the peace certified to the circuit court a transcript of certain proceedings had before him, in order that execution might

issue thereon from the office of the clerk of the circuit court. The transcript contained the judgment rendered by the justice, a recital of an appeal to the circuit court; return of the case by *procedendo*; the issue of execution and return thereof *nulla bona*, closing with a certificate by the justice that this was "a correct transcript of said judgment" as it stood on his docket. Filed with the transcript, in the clerk's office, was a copy of the *procedendo*, and of the execution issued by the justice. Upon objection that the transcript did not contain a copy of the execution issued by the justice, and that the justice did not certify that the execution which was recorded in the clerk's office was any part of the proceedings in that suit, nor that it was issued on the judgment certified in the transcript, it was *held*, the proceedings showed a compliance with all the requirements of the statute, so as to authorize the issuing of an execution on the transcript from the clerk's office.

2. In the same case, on the appeal to the circuit court, the cause was entered correctly—Johnson v. Kelly—upon a docket of pending cases; but, by mistake, was entered upon the judge's docket, *Thompson* v. Kelly, and the same mistake was made in the order dismissing the appeal, and in the writ of *procedendo* which was awarded, but it was *held*, this clerical error did not affect the jurisdiction of the justice, nor the proceedings upon the transcript.

3. Another transcript set forth a judgment rendered by the justice on the 26th of March, and an execution issued thereon the 15th of April following, and return thereof *nulla bona*, accompanied by a certificate "that the within papers are a true copy of all the papers and proceedings in the case of Wilson v. Kelly." Upon objection to the sufficiency of the transcript to authorize an execution to be issued thereon from the office of the clerk of the circuit court, *First*, that the justice did not certify that the transcript was "truly copied from the files and books of his office;" *Second*, that the designation in the justice's certificate, of the names of the parties— Wilson v. Kelly—was not sufficiently certain, and *Third*, that the execution could not be legally issued until after the expiration of twenty days from the judgment, whereas it was issued on the twentieth day, it was *held*, the proceedings were sufficiently regular.

APPEAL from the Circuit Court of Richland county; the Hon. R. S. CANBY, Judge, presiding.

This was an action of ejectment, brought in the court below by Jackson Kelly, William Kelly and Mary Kelly against Seth Umfleet, to recover out lots one, two and three, in A. Kitchell's out lots to the town of Olney, being a part of the southeast quarter of the northeast quarter of section 4, township 3, range 10 east.

The title of Umfleet was deduced through a sale under execution, issued upon a transcript of a judgment rendered by a justice of the peace.

The proceedings in the suit, upon which the questions arise, were as follows:

On the 19th of April, 1848, P. L. Johnson recovered a judgment against James Kelly for $80.40 and costs, before N. D. Jay, J. P., Richland county, Ill. Kelly filed an appeal bond before the justice of the peace in this case on the 9th of May, 1848. The clerk of the circuit court received the appeal papers on the 10th of May, and marked them filed, and entered the cause on the record of said court, to-wit: a docket of the pending causes in said court for trial at the next term, making the entry thus:

"P. L. JOHNSON ⎫
    vs.     ⎬ Appeal."
JAMES KELLY. ⎭

In afterward making up the docket or minute book for the use of the judge at that May term, 1848, the clerk, by mistake, wrote it thus:

"P. L. THOMPSON ⎫
    vs.     ⎬ Appeal."
JAMES KELLY. ⎭

When the defendant was called, and made default at said term in said cause, the judge wrote on the margin of said docket opposite said cause, the words: "Dismissed with *procedendo.*"

In entering the order of dismissal, the clerk again, by mistake, entered the name of the plaintiff as P. L. Thompson instead of P. L. Johnson, and made a like mistake in the writ of *procedendo* to the justice of the peace.

The clerk entered the appeal case on the fee book and record of said court, correctly, thus:

"P. L. Johnson vs. James Kelly," and filled up with the items of costs in said case.

There was no other suit in the court against James Kelly.

On the 13th of June, 1848, the justice of the peace noted on his docket the return of the case, and issued an execution, which was returned by the constable, on the 19th of August, 1848, endorsed by him, "no property found to satisfy this writ."

On the 3d of November following, the justice certified a transcript as follows:

"P. L. JOHNSON ⎫
      vs. ⎬ Demand for $80.40. Suit on account for
 JAMES KELLY. ⎭    the sum of $80.40.

The defendant appeared on the 19th of April, 1848, and waived the right of process and went to trial, and after hearing the evidence, judgment is rendered against him for the sum of $80.40 and costs of suit, this 19th day of August, 1848.

                                  N. D. JAY, J. P.

Bond filed and the cause appealed to the circuit court of Richland county, Ill., this 9th day of May, 1848.

                                  N. D. JAY, J. P.

Suit returned to this office by *procedendo,* 13 June, 1848. Execution issued on the 13 June, 1848. H. Barny, Constable. Execution returned on 19th day of August, 1848. "No property found to satisfy the debt."

TRANSCRIPT GRANTED.

STATE OF ILLINOIS, ⎫
                     ⎬ ss.
RICHLAND COUNTY. ⎭

I, N. D. Jay, a justice of the peace for said county, do certify the above to be a correct transcript of said judgment as it stands on my docket.

Given under my hand and seal this 3d day of November, 1848.

                                  N. D. JAY, J. P.

This transcript was filed in the office of the clerk of the circuit court, together with a copy of the *procedendo,* and of the execution issued by the justice.

On the 6th day of the same month, the clerk of the circuit court issued an execution upon the transcript so filed, which

was subsequently levied upon the forty acres mentioned, and a sale was had at which the plaintiff in the execution became the purchaser.

After the expiration of twelve months from that sale, Wilson, as a judgment creditor of Kelly, made redemption therefrom, by means of a levy and sale under an execution issued out of the office of the clerk of the circuit court on a transcript from a justice of the peace, Wilson becoming the purchaser at such sale and receiving a deed for the premises.

Wilson's judgment before the justice was obtained upon confession. The transcript of the proceedings in this case, as certified by the justice, and filed in the office of the clerk of the circuit court, was as follows:

"JOHN M. WILSON \
          vs.          } Assumpsit, March 26, 1850. \
JAMES KELLY. 

"Now at this day come the parties in their proper persons. The defendant waived service of process, and acknowledged that he was indebted to said plaintiff in the sum of $18.50 for legal services rendered said plaintiff in defending five attachment suits, to wit: Henry Spring, Bell, Joseph Somes, O. B. Ficklin, and M. C. McLain vs. said Kelly, and agrees that judgment may be entered by the court that the said John M. Wilson recover the said sum of $18.50 and costs of suit.

G. F. POWERS, J. P.

"Execution issued on the 15th of April, 1850. Execution returned on the 16th of April, no property found in this county belonging to the defendant.

(COPY OF EXECUTION.)

"STATE OF ILLINOIS, } \
          RICHLAND COUNTY. 

*The People of the State of Illinois, to any Constable of said county, greeting:*

We command you that of the goods and chattels of James Kelly in your county, you make the sum of $18.50 debt, and $—.75 costs, which John M. Wilson lately recovered before

me in a certain plea against the said James Kelly, and hereof make return to me within seventy days from this date.

Given under my hand and seal this 15th day of April, 1850.

G. F. POWERS. J. P."

(ENDORSED.)

" Came to hand 15th day of April, 1850, at 6 o'clock. I return the within execution, no property found in the county belonging to the defendant, this 16th day of April, 1850.

P. G. TERRY, Constable."

Also the following certificate, part of said papers filed in said case along with said transcripts and execution, to wit :

" I do hereby certify that the within papers are a true copy of all the papers and proceedings in the case of Wilson v. Kelly.

Given under my hand and seal, this 16th day of April, 1850.

G. F. POWERS, J. P."

These transcripts and copies of proceedings were offered in evidence by the defendant, Umfleet, together with the sheriff's deed, which were held by the court below to be inadmissible. The trial resulted in a finding and judgment in favor of the plaintiffs. The defendant appealed.

The appellee questions the sufficiency of the transcript in the case of Johnson against Kelly, upon several grounds : *First*, that it did not contain a copy of the execution issued by the justice, and that the justice did not certify that the execution which was recorded in the clerk's office was any part of the proceedings in that suit, nor that it was issued on the judgment certified in the transcript. *Second*, that the appeal in that case to the circuit court seems never to have been disposed of, having been placed upon the docket of that court in name of Thompson instead of Johnson.

The sufficiency of the transcript in the case of Wilson against Kelly is also questioned : *First*, because the justice does not certify that the transcript " is truly copied from the files and books of his office," as the statute requires. *Second*, that the designation in the justice's certificate, of the names

of the parties—Wilson v. Kelly—was not sufficiently certain. *Third,* that the execution could not be legally issued until after the expiration of twenty days from the date of the judgment, whereas the execution in this case was issued on the twentieth day—that is, the judgment was rendered on the 26th of March, and the execution was issued on the 15th of April following.

Mr. H. HAYWARD and Mr. A. KITCHELL, for the appellant.

Messrs. BOWMAN & SMITH, for the appellees.

Per CURIAM: We have examined this record with care, and fail to find any substantial objections to the transcript proceedings before the justice of the peace. They show a compliance with all the requirements of the statute. The justice of the peace had complete jurisdiction, and if a clerical error did occur in the title of the cause in the circuit court, when it was taken there by appeal, that should not and does not prejudice, or affect in any way the jurisdiction of the justice of the peace. The appeal in the circuit court, to which court it was properly taken, was dismissed with a *procedendo* to the magistrate. The magistrate issued an execution, which was returned *nulla bona,* and the transcript then certified to the circuit court, on which an execution issued from that court, and duly levied on the premises in controversy, advertised and sold, and a deed made to the purchaser at the time required by law.

We fail to see any error in those proceedings.

The judgment must be reversed and the cause remanded.

*Judgment reversed.*